STATE OF VERMONT

ENVIRONMENTAL COURT

|  | } |  |
| --- | --- | --- |
| In re: Northfield Engine House Renovation | } | Docket No. 119-6-08 Vtec |
| (Appeal of Drown) | } | |
|  | } | |

Decision and Order on Motion for Summary Judgment

Appellant Larry Drown appealed from a decision of the Zoning Board of Adjustment (ZBA) of the Town of Northfield, granting conditional use approval to Appellee-Applicants' project for the Old Engine House. Appellant Larry Drown represents himself; Appellee-Applicants R.H. Associates & Co., Martha Mahan and Glenn Howland are represented by Liam L. Murphy, Esq. and Pamela Moreau, Esq.; the Town is represented by Joseph S. McLean, Esq.; and Interested Persons G. Peter D'Amico and Kathleen D'Amico represent themselves.

A November 14, 2008 Decision and Order in this matter dismissed Questions 10, 11, 12, 13, 14, 15, 27, and 28; a December 9, 2008 Entry Order further dismissed Questions 9, 20, 21, 22, 23, 24, 25, 26, 29 and 32, and portions of Questions 7 and 8. What remained in this appeal as of that date were Questions 1, 2, 3, 4, 5, 16, 17, 18, 19, 30, and 31, relating to how the property and use should be categorized under the zoning ordinance and whether it meets the requirements of the zoning ordinance, as well as Questions 6, 7, and 8 only as they relate to whether site plan approval is required for the project. Appellee-Applicants have now moved for summary judgment on these remaining questions. The following facts are undisputed unless otherwise noted.

1

Appellee-Applicants run a retail business supplying doors and hardware for commercial projects, with associated office and storage space. The building at issue in the present appeal is known as the Old Engine House and is located in the Industrial zoning district of the Village of Northfield. The Old Engine House was most recently used as a warehouse, although it was originally used as a place for the servicing of train engines.

The use category of "warehouse" is defined in § 102 of the Zoning Regulations as "[a] structure used primarily for, or designed or intended primarily for, the storage, receiving or distribution of goods and materials. This includes warehouse, wholesale establishment, discount house, bulk storage, and bulk sales outlet." Six use categories are allowed in the Industrial zoning district as conditional uses; the conditional uses permitted in the district after conditional use approval by the ZBA include retail and personal service stores, and manufacturing, but do not include the 'warehouse' use category. The former warehouse use of the building was therefore a nonconforming use in the district.[1]

The proposed use of the building is for a retail business, with associated office and storage functions. The proposed storage of the retail business inventory within the building is simply incidental to the retail business. The project is not a 'warehouse' use, as that term is defined in § 102, because that is not the primary use of the building. If the storage of inventory on the premises is also customary in connection with a retail business, then the storage of inventory is simply an accessory use to the primary retail use, which is an allowed conditional use in the district, and is not a non-conforming use.

---

[1]  The date when that use began or ceased, raised in Question 3, is not relevant to the present application, as Appellee-Applicants do not propose to re-establish a discontinued non-conforming use. See § 403(1)(c).

Accordingly, Questions 1 through 5 and Question 30 are resolved by summary judgment as discussed above.

Questions 16 through 19, and 31

The undisputed facts provided by Appellee-Applicants are that the square footage of the existing building at issue in this appeal is approximately 4,800 square feet of floor area.[2] Neither party has provided any information regarding any other buildings on the same property. The proposed renovation involves only the interior of the existing building; Appellee-Applicants have submitted undisputed facts that the total resulting square footage is also 4,800 square feet.

Section 705 of the Regulations requires 1 parking space for every 300 square feet of floor area, requiring a total of 16 parking spaces for the proposed use. Although a complete plan of the property showing delineated parking spaces has not been provided, the undisputed facts provided by Appellee-Applicants reflect that there "is ample space on the lot to accommodate" the sixteen required parking spaces. Accordingly, Questions 16 through 19 are resolved by summary judgment as discussed above.

Question 31 asks whether the proposed parking and utility improvements "extend the non-conforming use to the adjoining lots." Since the proposed use is not non-conforming, summary judgment also must be granted to Appellee-Applicants on Question 31.

---

[2] The Regulations define "floor area" as the "sum of the gross horizontal areas of the several floors of the building," excluding unfinished attic and basement space "used only for storage for the operation and maintenance of the building." §102.

Under § 209 of the Regulations, site plan approval by the Planning Commission is required for all "permitted[3]" uses other than those which qualify for approval solely by the Zoning Administrator. Section 204(1) states the uses which qualify for approval solely by the Zoning Administrator: "[t]he Zoning Administrator may on his or her authority only issue zoning permits for the following types of permitted uses: one[-]family or two[-]family homes, accessory buildings, signs . . . , and agricultural uses." As the proposal is for renovation of a building to house a retail, office and inventory storage use, which is "permitted" in this district after the ZBA's "conditional use" approval, (that is, it must also be approved by the ZBA under § 208), site plan approval by the Planning Commission under § 209 also should have been also required prior to the issuance of a zoning permit by the Zoning Administrator.

However, Appellee-Applicants note that the Zoning Administrator has long since issued the zoning permit for this project, and that the Zoning Administrator's action in issuing the zoning permit was not appealed to the ZBA and has therefore

---

[3] Unlike some zoning ordinances that categorize those uses which only require approval by the Zoning Administrator as "permitted," in contrast with "conditional" uses requiring conditional use approval by the ZBA or DRB, the Northfield regulations use the term "permitted" to refer to any uses allowed, as opposed to prohibited, by the zoning ordinance. Some "permitted" uses only require approval by the Zoning Administrator, some also require site plan approval, and others require both site plan approval and conditional use approval. Conditional use approval and site plan approval address different issues; for example, conditional use approval addresses the effect of the project on traffic on nearby roads, § 208(3), while site plan approval covers issues of on-site circulation and access. § 209(5)(b), (c). To interpret the regulations to mean that "conditional" uses are not the type of "permitted" uses that require site plan approval would mean that the very projects that are most of concern for site plan issues such as on-site circulation and access (for example, shopping centers § 705, schools § 703, or restaurants § 607) would be exempt from that review. Zoning ordinances are to be interpreted to avoid such absurd results. In re Dodge Farm Community, LLC, Concept Plan, No. 155-7-07 Vtec, slip op. at 5 (Vt. Envtl. Ct. Mar 24, 2008) (citing Judicial Watch, Inc. v. State, 2005 VT 108, ¶ 16, 179 Vt. 214).

become final, regardless of whether the project should have applied for and received site plan approval. Exhibit B of the materials filed by Appellee-Applicants on December 17, 2008, reflects that the Zoning Administrator issued the zoning permit on June 10, 2008, with an effective date of June 25, 2008. If it was not appealed to the ZBA, it became final and cannot be challenged in the present proceeding, either directly or indirectly. 24 V.S.A. § 4472(d).

The only decision of the ZBA that was appealed to this Court in the present appeal was the ZBA's May 22, 2008 decision granting conditional use approval, and that is all that the Court has before it to rule on.[4] All of the issues raised by Appellant in this appeal have now been addressed.

Accordingly, based on the foregoing, it is hereby ORDERED and ADJUDGED that Questions 1, 2, 3, 4, 5, 6, 7, 8, 16, 17, 18, 19, 30, and 31 are resolved by summary judgment as discussed above. As all other issues were resolved by summary judgment in prior orders of the Court, this decision concludes the above-captioned appeal. No basis has been shown to deny or alter the conditional use approval granted by the ZBA.

Done at Berlin, Vermont, this 27th day of January, 2009.

_____
Merideth Wright
Environmental Judge

---

[4] In the alternative, Appellee-Applicants' motion for summary judgment requests that the Court issue the zoning permit. However, the issuance of a zoning permit is the responsibility of the Zoning Administrator in the first instance and is not before the Court in this appeal. No appeal was taken of the zoning permit subsequently issued by the Zoning Administrator in the present case, and no application for site plan approval is before the Court in this appeal.